In Re:

STAINLESS STEEL FABRICATING, INC.                Case No. 10-18550
                                                 Chapter 11
                Debtor.

## MOTION REQUESTING PERMISSION
## TO USE CASH COLLATERAL

Debtor Stainless Steel Fabricating, Inc. ("Debtor" or "Stainless"), by counsel
Rebecca R. DeMarb of DeMarb Law Office, LLC, hereby files this Emergency Motion
Requesting Permission to Use Cash Collateral (the "Motion") and, in support of this
Motion, states as follows:

1.      Debtor filed its petition for relief pursuant to Title 11 of Chapter 11 of
the United States Code on November 19, 2010 (the "Petition Date"). Debtor is
managing its affairs as debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2.      No trustee or creditors' committee has been appointed in this case.

3.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157
and 1334 as this matter is a core proceeding. Venue is appropriate in this Court
pursuant to 28 U.S.C. §§ 1208 and 1409.

4.      No motion for the relief requested herein has been made in this or any
other Court previous to the filing of the Motion.

5.      The statutory predicate for the relief requested in this Motion is
11 § 363(c)(2).

6.      Debtor is a Wisconsin Corporation that operates a fabrication facility in
Columbus, Wisconsin. Debtor owns the real estate at which it operates, located at

202 Industrial Drive, Columbus, Wisconsin (the "Real Estate"). In addition, Stainless has some accounts receivables and owns machinery and equipment (together with the Real Estate, the "Collateral").

7.      On the Filing Date, Stainless remained operating in a greatly diminished capacity working to take and fill orders to the greatest extent possible under the circumstances.

8.      Several creditors have been actively collecting from Stainless, including the taxing authorities and judgment creditors. As a result of its obligations and the related collection activity, Stainless has had to lay off most of its workforce and decrease its business production. Although Debtor has had as many as sixteen employees in the last year, as of the Petition Date, Debtor had only one employee, George Hall ("Hall"). Hall is the President of Stainless and one of three shareholders of Stainless.

9.      Stainless has filed this Chapter 11 Case to use the breathing room of the automatic stay in an attempt to increase its operations to levels to maximize the value of its assets for the benefit of the estate.

10.      Stainless entered into a Business Note ("Note") with Farmers & Merchants Union Bank of Columbus (the "Bank") on or about June 14, 2010. On the Filing Date, Stainless owed the Bank approximately $261,372.22 on the Note. The Bank claims a first mortgage lien on the Real Estate, as well as a security interest in the Collateral. To perfect its General Business Security Agreement, the Bank filed a UCC-1 Financing Statement with the Wisconsin Department of Financial Institutions on October 31, 2006. On the Filing Date, Stainless was not in default on its obligations to the Bank because the payment due on November 1, 2010, had not been paid.

11. Stainless intends to move quickly toward a Chapter 11 Plan and, as part of such Plan, the claims of all of their creditors will be addressed pursuant to the Bankruptcy Code.

12. Stainless cannot operate without use of the cash collateral of the Bank. Stainless intends to operate the business while it determines how to best sell its assets, hopefully as a going concern, to maximize value for the estate. Stainless must be able to use the facility, equipment and receivables, property of the estate, for this to happen.

13. Accordingly, Stainless is requesting that it be allowed to use the collateral of the Bank to maintain operations during the course of the Case.

14. Stainless believes that the Real Estate, alone, may be worth more than $800,000 based upon an appraisal of the Real Estate completed in September of 2008. The Bank has an equity cushion in the Real Estate without even having to look to the other Collateral.

15. Stainless understands that the Bank is entitled to adequate protection of its security interests. To provide such adequate protection, Stainless proposes to do all of the following:

> a. Maintain adequate insurance coverage on all of the Bank's collateral.
>
> b. Provide the Bank with income statements on a monthly basis which will be included in the Debtor's reports filed with the United States Trustee's Office.
>
> c. Maintain the collateral of the Bank in good condition and repair.

      d.      Make adequate protection payments to the Bank in the amount of $2,000.00 per month beginning on December 1, 2010, and continuing on the 1st day of every month thereafter until further order of the Court.

16.      If the Debtor defaults on the proposal for adequate protection, the Bank will be able to obtain further relief from the Court.

17.      This Court's approval of Stainless' use of cash collateral is in the best interests of the Debtor, creditors and the estate as it will allow Stainless to operate at the greatest extent possible, work to maximize the profitability of the business and give Stainless an opportunity to propose a realistic Chapter 11 Plan.

**WHEREFORE,** Debtor requests that the Court enter an order granting Debtor permission to use cash collateral of Farmers & Merchants Union Bank of Columbus pursuant to the terms of this Motion and granting Debtor such other and further relief as it just and equitable.

Dated this 19th day of November, 2010.

**DeMARB LAW OFFICE, LLC**
Attorneys for Debtor

By: _Rebecca R. DeMarb_

Rebecca R. DeMarb
State Bar No. 1026221
122 W. Washington Ave., Suite 808
Madison, WI 53703
(608) 310-3305