UNITED STATES BANKRUPTCY COURT    WESTERN DISTRICT OF
WISCONSIN

In Re:

STAINLESS STEEL FABRICATING, INC.,    Case No. 10-18550
Chapter 11
Debtor.

APPLICATION TO EXPAND EMPLOYMENT OF
BUSINESS ADVISOR FOR DEBTOR-IN-POSSESSION

Stainless Steel Fabricating, Inc., Debtor and Debtor-in-Possession in the above-captioned case ("Stainless" or "Debtor"), hereby applies to this Court for an Order pursuant to 11 U.S.C. §§ 327(a) expanding the scope of the employment and retention of Royko Enterprises, LLC ("Royko Enterprises") as the business advisor and broker for the Debtor (the "Application") and, in support of this Application, Debtor states as follows:

1. On November 19, 2010, (the "Petition Date"), Debtor filed a voluntary petition in this Court for reorganization relief pursuant to Chapter 11, Title 11, of the United States Code. The Debtor is to operate its business as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2. A creditors' committee has not been appointed in this case. No trustee or examiner has been appointed.

3. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. The statutory predicate for the relief requested herein is 11 U.S.C § 327, along with Fed. R. Bankr. P. 2014 and 2016.

5. On January 7, 2011, this Court entered the Order Authorizing the Retention of Royko Enterprises, LLC as Business Advisor for Debtor (the "Initial Application"). Other than the Initial Application, no previous request for the relief sought in this Application has been made to this Court or any other Court.

6. The Debtor selected Royko Enterprises as business advisor because of the firm's experience with and expertise in the field of business and market valuation for sale, merger, and acquisition of businesses. In addition, Royko Enterprises has experience as a business broker. The Debtor respectfully submits that the expansion of the terms of the retention of Royko Enterprises to include the services as a business broker will serve the best interests of all interested parties, the compensation set forth herein is commensurate with the services to be rendered to the Debtor and the compensation is reasonable under the circumstances.

7. The Initial Application sought to retain Royko Enterprises for services including, among other things, the following: (a) to analyze Debtor's financial projections and financial statements; and (b) to make recommendations regarding the best way to sell the Debtor's business and/or assets to maximize recovery to the Debtor's estate.

8. Royko Enterprises has been working with the Debtor to determine the best method to market assets of the estate and, in the process, it has become necessary for Royko Enterprises to begin to negotiate the sale of some or all of the

assets of the Estate. Therefore, the Debtor is now seeking to expand the employment of Royko Enterprises to include that of a business broker.

9. Debtor does not seek to change the compensation terms for Royko Enterprises as set forth in the Initial Application. Accordingly, Royko Enterprises will continue to be paid at the rate of $180.00 per hour, plus necessary costs and expenses incurred in connection with the aforementioned services. And, further, the fees of Royko Enterprises will continue to be paid from cash collateral and pursuant to the Stipulation on Debtor's Use of Cash Collateral, after Court approval of the fees of Royko Enterprises. Royko Enterprises may apply for court approval of its fees no less than every 75 days, beginning with 75 days from the date of the Initial Application.

10. Depending upon the final course for the sale of the assets, Debtor may seek to amend the compensation portion of the employment of Royko Enterprises to include a commission for the sale of the assets. For example, if the equipment is sold at auction, Royko Enterprises will not seek a commission on the auction proceeds. However, if the equipment is sold to a buyer as a result of its work and negotiations, then Royko Enterprises will seek a commission to be paid at the time of closing and after court approval of such commission.

11. Other than as set forth above, there is no proposed arrangement to compensate Royko Enterprises in connection with its service for Debtor.

12. Royko Enterprises has requested, and the Debtor has agreed, to expand the scope of Royko Enterprises' retention as of the date of this Application.

WHEREFORE, based on the foregoing, the Debtor respectfully requests that the Court enter an Order expanding the scope of the Royko Enterprises employment and

retention as of the date of this Application, and providing the Debtor with such other and further relief as is just and equitable.

Dated this 10th day of February, 2011.

                                                **DEMARB LAW OFFICE, LLC**
Attorneys for Debtor

By: _____
Rebecca R. DeMarb
State Bar Number: 1026221
122 W. Washington Ave., Suite 808
Madison, WI 53703
(608) 310-3305